UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FREDIANDO CONTRERAS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-1801 (RMC) |
| U.S. DEPARTMENT OF JUSTICE, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

In this action brought by Frediando Contreras, *pro se*, Mr. Contreras initially sued the Federal Bureau of Information ("FBI"), the Executive Office of the United States Attorney ("EOUSA"), and the Drug Enforcement Administration ("DEA") under the Freedom of Information Act, 5 U.S.C. § 552.[1] *See* First Am. Compl. [Dkt. # 11]. Mr. Contreras subsequently withdrew his complaint against the FBI. *See* Pl.'s Mot. to Withdraw [Dkt. # 19]. Defendants then filed a motion to dismiss or for summary judgment, and Mr. Contreras filed a cross motion for summary judgment, seeking filing fees and costs.

Mr. Contreras now "concedes that summary judgment is appropriate" as to EOUSA "in all respects of their argument." Pl.'s Resp. [Dkt. # 35][2] at 1. He also concedes that his suit

---

[1] Mr. Contreras sought documents related to his criminal prosecution.

[2] Plaintiff filed numerous documents at Docket # 35: Response, Cross Motion, and Request for Fees; Response to Defendants' Statement of Material Facts Not in Dispute; Plaintiff's Statement of Material Facts Not in Dispute; Memorandum in Support of his Response, Cross Motion and Request; and Plaintiff's Declaration. Although all the documents are filed as Docket # 35, the Docket lists the Cross Motion and Request for Fees as Docket # 36.

against the DEA is moot because "summary judgment is warranted in regards to DEA's eventual search and withholding of records pursuant to FOIA exemptions[.]" *Id.*; *see also* Pl.'s Mem. in Supp. [Dkt. # 35] at 9.[3] The sole issue remaining is whether Mr. Contreras is entitled to recover $431.14 in filing fees and costs as an alleged "prevailing party" against the DEA.[4] As explained below, Defendants' motion for summary judgment will be granted, and Plaintiff's motion for summary judgment and request for fees will be denied.

## I. FACTS

The DEA is a constituent agency of the United States Department of Justice.[5] By letter dated July 11, 2008, Mr. Contreras requested "a complete and thorough search of [DEA] filing system under [DEA's] control, of any records [DEA] may have that pertain in any form or sort to [Plaintiff]." *See* Defs.' Mot. to Dismiss or for Summ. J. [Dkt. # 30] ("Defs.' Mot."), Ex. D. ("Supp. Little Decl.") ¶ 13. The FOIA request also asked for "any computerized data," "any See Reference

---

[3] To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). A suit is only authorized under the FOIA against federal agencies and injunctive relief is only available to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Once the requested records have been produced there is no longer a case or controversy and the FOIA action becomes moot. *See Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996); *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996).

[4] "This amount breaks down as follows: $350 filing fee, $36.32 postage, and $44.82 for document preparation and photocopying." Pl.'s Mem. in Supp. at 16. Mr. Contreras is currently incarcerated. While authorized to proceed *in forma pauperis*, he was ordered to pay an initial filing fee totaling 25% of his inmate trust fund account balance and to surrender 20% of all future deposits until the entire $350 filing fee was paid in full. *See* Order [Dkt. #4].

[5] Because Plaintiff has conceded that the DEA is the only remaining Defendant in this case, the Court addresses only the outstanding claims against it.

Cards' search slips, abstracts, and any raw data cards," and "any photographic, videographic, or audio tapes generated of [the Plaintiff]." *Id.* DEA acknowledged receipt of the letter by response dated August 1, 2008. *See id*. ¶ 14, Ex. B. By letter dated October 24, 2008, DEA informed Mr. Contreras that his FOIA request was being denied because it did not reasonably describe the records being sought, it was not filed in accord with agency rules, and it did not include a promise to pay or request for a waiver of fees. *See id*. ¶ 15, Ex. C.

By letter dated November 22, 2008, Mr. Contreras appealed the DEA's determination. *See id.* ¶ 17, Ex. D. By letter dated June 2, 2009, the DOJ Office of Information and Privacy informed Mr. Contreras that its file was closed because Mr. Contreras had, in the meantime, filed this suit. *See id.* ¶ 19, Ex. F.

As noted above, Mr. Contreras had also sent a FOIA request to EOUSA. In preparing its response, EOUSA referred certain documents contained in its files to DEA for evaluation because they were DEA-originated documents. *See id.* ¶ 20, Ex. G. Thus provided with detailed information about Mr. Contreras, DEA conducted a search of its Investigative Case File Nos. C3-06-0142 and IZ-06-0012 for all records that contained Mr. Contreras's name and those that related to him. *See id.* ¶ 140. One-hundred and ninety-one (191) total pages of responsive material were located during the searches conducted by DEA. Defs.' Statement of Material Facts [Dkt. # 30] ¶ 31. Those that had not already been processed as a result of the EOUSA referral, numbering fifty-nine pages, were processed by the DEA, with the result that thirty-nine were withheld in their entirety and twenty were withheld in part.[6] *Id*. ¶ 28.

---

[6] DEA has demonstrated that it released all reasonably segregable information from the records it processed. *See* Defs.' Mot. at 42 (citing Ex. F ("Second Supp. Little Decl.") ¶¶ 17-26).

Mr. Contreras challenges none of this. At issue is whether Mr. Contreras is a prevailing party, inasmuch as the DEA denied his FOIA request and then, as a result of this lawsuit, responded to it and released some records.

## II. LEGAL STANDARDS

Congress amended the attorney fee provisions in FOIA effective December 31, 2007, pursuant to the Openness Promotes Effectiveness in our National Government Act of 2007 (the "OPEN Government Act" or the "Act"). Pub. L. 110-175, 121 Stat. 2424 (2007). Under the new Act, a FOIA requester may be deemed to have substantially prevailed (and thus may be entitled to attorney fees) under the "catalyst" theory, *i.e.*, if his lawsuit resulted in a voluntary or unilateral change in position by the agency and if his claim is not insubstantial. OPEN Government Act § 4 (amending 5 U.S.C. § 552(a)(4)(E)). FOIA § 552(a)(4)(E) now provides:

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
>
> (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either –
>
> (I) a judicial order, or an enforceable written agreement or consent decree; or
>
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(i) & (ii). To show that he has substantially prevailed and is eligible for attorney fees, a FOIA plaintiff must "prove that prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between the action and the agency's surrender of that information." *Judicial Watch Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 173 (D.D.C. 2008). The causation requirement is missing when disclosure results not

from the suit but from delayed administrative processing. *See, e.g., Weisberg v. Dep't of Justice*, 848 F.2d 1265, 1268-71 (D.C. Cir. 1988), *overruled on other grounds King v. Palmer*, 950 F.2d 771, 780 (D.C. Cir. 1991); *Kuffel v. Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1995).

### III. ANALYSIS

Mr. Contreras argues that he is entitled to filing fees and costs as a prevailing party. He claims that DEA only produced records because he filed this suit. Mr. Contreras did not obtain a judicial order, enforceable written agreement or consent decree and thus is not a prevailing party under subsection (I). Further, he is not a prevailing party under subsection (II) because he did not cause a voluntary change in position by DEA based on a "not insubstantial" claim. DEA originally denied the FOIA request because Mr. Contreras provided insufficient information in support of his broadly worded request — Mr. Contreras did not reasonably describe the records he sought and he did not provide his full name, *i.e.*, Frediando Ortiz-Contreras. He identified himself only as Frediando Contreras.[7]

Mr. Contreras's FOIA request was immensely broad: it ostensibly sought all records of all types in all years in all DEA offices, everywhere, that might relate to Mr. Contreras. An agency is not required to undertake a search that is so broad as to be unduly burdensome. *Nation Magazine v. U.S. Customs Service,* 71 F.3d 885, 890 (D.C. Cir. 2003). "[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome . . . [because] FOIA was not intended to reduce government agencies to

---

[7] DEA also refused to produce the documents because Mr. Contreras did not pay, or promise to pay, for copying. However, the absence of an agreement to pay assessed fees, standing alone, does not warrant denial of a FOIA request. *See Latham v. U.S. Dep't of Justice*, 658 F. Supp. 2d 155, 162 (D.D.C. 2009) (citing 28 C.F.R. § 16.3(c)).

full-time investigators on behalf of requesters." *Judicial Watch, Inc. v. Export-Import Bank,* 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (quotation and citation omitted).

Mr. Contreras does not deny the great breadth of his request but argues that *Kidder v. FBI*, 517 F. Supp. 2d 17 (D.D.C. 2007), held that a request for records concerning a specific person, as did his request, reasonably described the records sought. *Id.* at 23. What *Kidder* actually stands for is that an agency "is under no obligation to search its records for information regarding any names other than" the one submitted by the requester. *Id.* at 24.

DEA originally denied the FOIA request because Mr. Contreras did not submit adequate verification of his identity. *See* 28 C.F.R. § 16.42(d). Mr. Contreras provided his name, current address, place of birth, and an INS[8] number, but he concedes that he "omitted his middle name." Pl.'s Mem. at 7. While Mr. Contreras supplied only his first and last name, his full hyphenated last name was required in order for the DEA to locate records about Mr. Contreras. *See* Defs.' Mot. at 36 ("Although a NADDIS[9] query was conducted using Plaintiff's name, 11 aliases were found and, without additional information, DEA was unable to positively identify Plaintiff. Therefore, DEA initially was unable to search its systems for investigatory records."). Unable to distinguish the requester from any of the 11 aliases in its database, DEA properly denied his request.

While Mr. Contreras scoffs at this excuse, an agency "is under no obligation to search

---

[8] The Immigration and Naturalization Service (INS) now consists of three divisions in the Department of Homeland Security.

[9] NADDIS is the DEA Narcotics and Dangerous Drugs Information System, "the index to and the practical means by which DEA retrieves investigative reports and information from [its Investigative Reporting and Filing Systems]. . . . Individuals are indexed and identified in NADDIS by their complete name, Social Security Number, and/or date of birth." Defs.' Reply [Dkt. # 71], Ex. A ("Third Supp. Little Decl.") ¶ 9.

its records for information regarding any names other than" the one submitted by the requester. *Kidder*, 517 F. Supp. 2d at 23. Mr. Contreras's own failure to provide his full name to DEA prevented the agency from finding records that pertained to him. Once DEA learned from EOUSA that Frediando Ortiz-Contreras was the name to search, it was able to perform a full search, locate relevant records, apply FOIA exemptions to such records, and release unexempted records to Mr. Contreras.

Because Mr. Contreras's FOIA claim was based on a request that was too broad and that insufficiently identified the requested documents, it was an "insubstantial" claim. Further, there was no causal connection between the suit and the release of documents. It was not the FOIA complaint that spurred the later release of documents; instead, it was the notice from EOUSA to DEA of Plaintiff's full name that finally allowed for the search and release of relevant documents.

### IV. CONCLUSION

DEA was entitled to take Mr. Contreras at his sworn word: his name was Frediando Contreras. When a search under that name failed to identify records that could reliably be traced to the requester, DEA legitimately denied his FOIA request. Mr. Contreras was not a prevailing party and is not entitled to claim fees and expenses. Accordingly, Defendants' motion for summary judgment [Dkt. # 30] will be granted, and Plaintiff's motion for summary judgment and request for fees [Dkt. # 36] will be denied. A memorializing Order accompanies this Memorandum Opinion.

Date: August 3, 2010  /s/
ROSEMARY M. COLLYER
United States District Judge